# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:19-cr-8-NR |
| | ) | |
| OMARI PATTON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

Omari Patton and 47 co-defendants are charged with engaging in a large-scale conspiracy to traffic a variety of Schedule I, II, and III controlled substances, including heroin, cocaine, fentanyl, and synthetic cannabinoids. Mr. Patton has requested leave to file a motion to suppress certain laboratory test results and other items that the Federal Bureau of Prisons seized, including card stock and other paper that was believed to have been soaked in controlled substances. ECF 1774; ECF 1810. After carefully considering the parties' submissions, the Court will grant Mr. Patton leave to file his motion to suppress, but will deny the motion without prejudice to Mr. Patton reasserting his objections at or around the time of trial.

Mr. Patton's primary argument is that "the Government failed to properly preserve" the cards and paper seized and later lab tested because of "numerous and serious errors in the chain of custody." ECF 1810, ¶¶ 4-6. Mr. Patton claims that "[p]hysical evidence must be authenticated before being admitted into evidence." *Id.* at ¶ 7. He also claims that the substantial "break" in the chain of custody here makes this authentication impossible. *Id.* at ¶ 31.

The government, however, correctly points out that "[a]uthentication objections, like other trial objections, are assessed according to the applicable Federal Rules of Evidence, including Rules 104(a) and 901(a)," and there is "no requirement that the proponent [of evidence] do so before the evidence is presented at trial[.]" ECF 1879, at ¶ 22. Indeed, the two cases upon which Mr. Patton mainly relies in his

motion—*United States v. Terrazas-Aguirre*, 298 F. Supp. 3d 950 (W.D. Tex. 2018) and *United States v. Ellis*, 15 F. Supp. 2d 1025 (D. Colo. 1998)—both involved post-conviction challenges to determinations made at trial to admit the contested evidence, not rulings on a motion to suppress.  ECF 1810, ¶¶ 6-10.  In short, Mr. Patton's chain-of-custody challenges are premature.  *See, e.g.*, *United States v. Stevenson*, No. 16-189, 2019 WL 4919671, at *5-6 (W.D. Pa. Apr. 4, 2019) (Fischer, J.) ("[T]he Court agrees with the Government that the discrepancies and other inconsistencies which Defendant claims create a chain of custody issue have no bearing on whether the evidence should be suppressed or not. … [T]he alleged inconsistencies in the evidence are for the trier of fact to resolve at trial and do not demonstrate any violations of Defendant's constitutional rights.  Accordingly, his motion to suppress is denied."); *United States v. Book*, 51 F. App'x 819, 822 n.2 (10th Cir. 2002) ("Absent an abuse of discretion, deficiencies in the chain of custody go to the weight of the evidence and not its admissibility, the proper time for Book—or Wheeler—to have raised this claim was at trial, not during the motion to suppress.  The district court properly recognized this.") (cleaned up); *United States v. Gibson*, No. 14-20083, 2014 WL 6612484, at *2 (W.D. Tenn. Nov. 20, 2014) ("Chain of custody is not appropriately addressed in a motion to suppress or properly challenged as a constitutional due process violation.  If Gibson seeks to challenge the admissibility of the drug based on chain of custody issues, he may file a motion in limine.  An evidentiary hearing would be inappropriate.").

The Court will therefore deny Mr. Patton's motion, but will do so without prejudice.  The Court is likely to seek a proffer from the government before trial, likely at the final pretrial conference, as to the evidence at issue in Mr. Patton's motion and how the government plans to authenticate it at trial.  Mr. Patton can raise his chain-of-custody challenges then, or, if necessary, again at trial if the government offers the contested evidence.

**AND NOW**, this **21st day of December, 2020**, it is hereby **ORDERED** that Mr. Patton's motion for leave to file his motion to suppress (ECF 1774) is **GRANTED** and the motion to suppress (ECF 1810) is **DENIED** without prejudice.  For the purpose of clarity, the motion to suppress is also denied as to all other defendants who presumptively joined in the motion by operation of the Court's standing order regarding Rule 12 defense motions (ECF 1714).

BY THE COURT:


/s/ J. Nicholas Ranjan
United States District Judge